UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARMIS HARRIS, Tutrix, behalf                              CIVIL ACTION
of her minor child DCJH
                                                         NO. 20-680-JWD-RLB
VERSUS

SHERIFF JEFF TRAVIS, ET AL.

<u>ORDER</u>

Before the Court is Defendants' Motion to Compel Discovery Responses filed on January

3, 2023. (R. Doc. 61). The deadline for filing an opposition has expired. LR 7(f). Accordingly,

the motion is unopposed.

I.      Background

On October 12, 2020, Armis Harris, Tutrix on behalf of her minor child DCJH, brought

this civil rights action alleging that excessive force was used in the killing of the decedent

Christopher Whitfield, naming as defendants Sheriff Jeff Travis, Deputy Glen Sims, and Deputy

Houston Frazee. (R. Doc. 1). The district judge granted the Defendants' first motion to dismiss,

but allowed Plaintiff the opportunity to amend the pleadings. (R. Doc. 31). Plaintiff filed an

Amended Complaint. (R. Doc. 33). The district judge then granted, in part, the Defendants'

second motion to dismiss. (R. Doc. 46). The sole remaining claims are against Sheriff Travis and

Deputy Sims (collectively, "Defendants").

On June 2, 2022, Defendants served Interrogatories and Requests for Production of

Documents on Plaintiff. (R. Doc. 61-3). Plaintiff had 30 days to respond to the written discovery

requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiff

did not respond within that timeframe. Defendants represent that "on several occasions" they

"attempted to obtain Armis Harris' responses to their written discovery without Court

intervention." (R. Doc. 61 at 2). Defendants scheduled a discovery conference to take place on

December 15, 2022, but Plaintiff did not appear for the conference. (R. Doc. 61 at 2; *see* R. Doc. 61-4).

On December 20, 2022, the undersigned held a Settlement Conference with the parties, but after a period of negotiations, the parties were unable to reach a resolution. (R. Doc. 60).

On December 21, 2022, Defendants extended the deadline to respond to the outstanding discovery requests to December 30, 2022, informing Plaintiff that a motion to compel would be filed if responses were not received by that date. (R. Doc. 61-5).

On January 3, 2023, Defendants filed the instant Motion to Compel, representing that Plaintiff has not responded to the outstanding discovery requests. (R. Doc. 61 at 2; *see* R. Doc. 61-2). Defendants seek an order compelling a response to the written discovery requests, and for an award of reasonable expenses under Rule 37(a)(5)(A).

While this motion remained pending, and in light of the approaching deadline to complete discovery by January 31, 2023, Defendants filed an Unopposed Motion to Extend Discovery Deadlines. (R. Doc. 62). The Court granted the motion and entered the deadlines as requested. (R. Doc. 63). In doing so, the Court informed Plaintiff that the Court was not extending Plaintiff's Deadline to oppose Defendants' Motion to Compel (R. Doc. 61), which remained set for January 24, 2023 pursuant to Local Rule 7(f). (R. Doc. 63 at 2).

Notwithstanding the foregoing Order, Plaintiff failed to file a timely opposition to the instant Motion to Compel.

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.**    **Analysis**

Having considered the record, the Court will compel Plaintiff to provide written discovery responses pursuant Rule 37(a).

As Plaintiff did not make any timely objections to Defendants' written discovery requests, the Court finds that Plaintiff has waived his objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at \*6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiff to provide responses to Defendants' Interrogatories and Requests for Production of Documents (R. Doc. 61-3) without any objections other than those pertaining to any applicable privileges or immunities.

Having granted the Motion to Compel in full, the Court will award reasonable expenses, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A).

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 61) is **GRANTED**. Plaintiff must provide responses to Defendants' Interrogatories and Requests for Production of Documents (R. Doc. 61-3) without any objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order, or as otherwise agreed upon by the parties.

4

**IT IS FURTHER ORDERED** that Defendants are entitled to an award of the reasonable attorney's fees and costs that they incurred in bringing this Motion to Compel, and that <u>Plaintiff and Plaintiff's counsel</u> shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff and/or Plaintiff's counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendants may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of Defendants' Motion, file any opposition pertaining to the imposition of the amounts requested by Defendants.

Signed in Baton Rouge, Louisiana, on January 25, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.*, No. 16-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.